Ould Ahmedou v. Lynch

BIA
Wright, IJ
A200 922 262

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

MOHAMED ABDARRAHIM OULD AHMEDOU,
> *Petitioner,*

> v.                                    14-1375
>                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Bibiana C. Andrade, New York, N.Y.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant
                       Attorney General; Cindy S. Ferrier,

Assistant Director; Brendan P. Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohamed Abdarrahim Ould Ahmedou, a native and citizen of Mauritania, seeks review of an April 3, 2014, decision of the BIA affirming the August 23, 2012, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Mohamed Abdarrahim Ould Ahmedou*, No. A200 922 262 (B.I.A. Apr. 3, 2014), *aff'g* No. A200 922 262 (Immig. Ct. N.Y. City Aug. 23, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the decisions of the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C.

2

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Ahmedou's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in an asylum applicant's statements and other record evidence, "without regard to whether" the inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling.  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  Substantial evidence supports the agency's adverse credibility determination.

The adverse credibility determination was based principally on Ahmedou's failure to mention his alleged arrests in his asylum application and during his asylum interview.  *See id*. at 166 n.3.  In his application, Ahmedou stated that he feared he would be jailed and tortured if he returned to Mauritania, but did not state that he had been arrested or tortured in the past.  During his asylum interview, Ahmedou

3

stated that he had never been arrested in Mauritania. It was not until a subsequent affidavit and his testimony before the IJ that Ahmedou claimed that he had been arrested and beaten three times in Mauritania. The IJ properly found that these were material omissions because the alleged arrests and torture went to the basis of Ahmedou's claim. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295-96 (2d Cir. 2006) (per curiam).

Ahmedou contended that his translator omitted the arrests from the asylum application and during Ahmedou's asylum interview. However, the asylum interview record reflects that Ahmedou responded in detail to dozens of questions without any apparent difficulties with the translation, and he confirmed in his asylum interview that his asylum application had been read back to him in his own language. The agency was therefore not required to accept this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Contrary to Ahmedou's argument, the IJ did not err in considering the asylum interview record. The record does not reflect translation errors and the Government was not required to provide Ahmedou with a translator in this context. *See* 8

4

C.F.R. § 208.9(g) (requiring applicant to provide translator for asylum interviews). Moreover, the asylum interview record was reliable because it provided a detailed summary of the questions Ahmedou was asked and his responses to those questions. *See Diallo v. Gonzales*, 445 F.3d 624, 632-33 (2d Cir. 2006) (holding that an asylum interview record was reliable when it summarized the applicant's responses).

Accordingly, the agency properly relied on omissions from Ahmedou's asylum application and interview to find him not credible. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief as the claims are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5